IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VERNON B. COX,

    Plaintiff pro se,

   v.

LANE MANAGEMENT LLC, *c/o Georgia Ave. High Rise*,

    Defendant.

CIVIL ACTION

No. 1:11-CV-0736-TWT

## FINAL REPORT AND RECOMMENDATION

Plaintiff pro se, Vernon B. Cox, is proceeding pursuant to 28 U.S.C. §1915(a) without prepayment of filing fees. This matter is before the Court for a frivolity review of the Amended Complaint [4], alleging defendant denied Mr. Cox housing based on his disability, race, or sex in violation of § 804(a), (b), and (f) of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Act Amendments, 42 U.S.C. § 3604(a)-(b), (f), Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.[1]

---

[1] On March 24, 2011, the Court granted plaintiff's request to proceed in forma pauperis [1], and directed him to amend the Complaint [3] to provide the information necessary for the required frivolity review. (See Order of Mar. 24, 2011 [2].)

Pursuant to 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit [averring] . . . that the person is unable to pay such fees or give security therefore." However, a federal court is required to dismiss an in forma pauperis complaint if, at any time, the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief can be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. Id. § 1915(e)(2). "[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. Neitzke v. Williams, 490 U.S. 319, 324 (1989).

According to the Amended Complaint, defendant denied Mr. Cox's application for a rental unit at Georgia Avenue High Rise, claiming he "had demonstrated a poor past performance in meeting financial obligations." (Am. Compl. 2-3.) Plaintiff explains that defendant was referring to his "eviction from Hercules Real Estate Services" and a "proceeding for tenant holding over," which occurred approximately two years prior to the housing application at issue. (Id. at 3-5.) The Amended Complaint then alleges that defendant denied plaintiff's housing

2

application initially, and again upon review, because of his sex, race (African American), and disability (narcolepsy).  (Id. at 4.)

A complaint is deemed frivolous if it lacks arguable basis in law or fact. Neitzke, 490 U.S. at 325.  Although the Court construes pro se complaints liberally, they also must comply with the procedural rules that govern pleadings.  See McNeil v. United States, 508 U.S. 106, 113 (1993).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal,  556 U.S. __, 129 S. Ct. 1937, 1949 (2009).

Here, plaintiff provides no factual basis for his allegations of discrimination, simply dismissing as unbelievable defendant's non-discriminatory reason for denying his application as follows: "I've concluded that my rejection for said apartment was because of my disability/handicap, race, or sex."  (Am. Compl. 4.) Mr. Cox's vague and conclusory allegation fails to raise the alleged right to relief above the speculative level.  See Iqbal, 556 U.S. __, 129 S. Ct. at 1949 (citing

Twombly, 550 U.S. at 555).  Accordingly, the undersigned **RECOMMENDS** that

the Amended Complaint be **DISMISSED** as frivolous.

      **SO RECOMMENDED**, this 22nd day of April, 2011.


_____

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VERNON B. COX,

        Plaintiff pro se,

    v.

LANE MANAGEMENT LLC, *c/o Georgia Ave. High Rise*,

        Defendant.

CIVIL ACTION FILE

NO. 1:11-CV-0736-TWT

## ORDER FOR SERVICE OF
## FINAL REPORT AND RECOMMENDATION

Let this Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and the Court's Local Rule 72.1B, be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Final Report and Recommendation within fourteen days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing

for review by the District Court.  If no objections are filed, the Final Report and

Recommendation may be adopted as the opinion and order of the District Court, and

any appellate review of factual findings will be limited to a plain error review.

United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Final Report and Recommendation with

objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 22nd day of April, 2011.

_Walter E. Johnson_

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)